UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ARELIOUS REED,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITIZENS BANK,<br><br>　　　　　Defendant. | Case No. 25-12176<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION
TO DISMISS CASE WITHOUT PREJUDICE**

I. **Introduction and Background**

Pro se Plaintiff Arelious Reed sues Defendant Citizens Bank, asserting federal and state-law claims stemming from transactions he had at a bank branch in Taylor, Michigan. ECF No. 1, PageID.9. The Honorable Mark A. Goldsmith referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 16.

Reed filed a certificate of service form stating that "Kerri Vieria Bank Manager" of Citizens was served at 738 Tiogue Ave. in Coventry, Rhode Island. ECF No. 9, PageID.25. But Citizens asserts that Reed failed to

1

properly serve process under Federal Rule of Civil Procedure 4(h).  ECF No. 24.

The Court then ordered Reed to show cause why this case should not be dismissed for failure to properly serve Citizens within the 90-day time limit under Rule 4(m).  ECF No. 26.  The order explained that Reed has offered no evidence that he served Citizens through a managing or general agent, or other agent who is authorized to accept service for Citizens.  ECF No. 26, PageID.155.  And Reed has not shown that a branch manager of Citizens would qualify as a managing agent under Rule 4(h)(1)(B).  *Id*.  Reed responded to the show cause order by asserting that service was proper on Vieria.  ECF No. 27.  The Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to serve Citizens within the 90-day time limit under Rule 4(m).

II.  **Analysis**

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003), *abrogated on other grounds by Morgan v. Sundance, Inc.,* 142 S.Ct. 1708, 1712 (2022).  Reed bears the burden of establishing that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright &

2

Arthur R. Miller, *Federal Practice and Procedure* § 1083 (3d ed. 2002 & Supp.2003)).

> Under Rule 4(h)(1)(B), a corporation must be served
>
> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

To be a "managing or general agent," an individual must serve at the highest levels of a corporation. *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004) (defining "managing agent" as "one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control."); *Spencer v. Caracal Int'l*, LLC, 516 F. Supp. 3d 755, 759 (M.D. Tenn. 2021) (a managing agent is "one who operates at the organization's highest levels, or has overall authority to make high-level decisions on the part of the enterprise.") (cleaned up).

Citizens asserts that the "bank manager" and bank branch identified on Reed's proof of service are not authorized to accept service on Citizens' behalf. ECF No. 24, PageID.142. Reeds responds that serving the bank manager was allowed under California law. ECF No. 27, PageID.166. That argument lacks merit. True, under Rule 4(h)(1)(A), a plaintiff may

3

serve a corporation "in the manner prescribed by Rule 4(e)(1)," and that Rule 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction *in the state where the district court is located or where service is made*." (Emphasis added). Under Rule 4(e)(1), the relevant state laws are of Michigan (where this district is located) and Rhode Island (where Vieria served).  Thus, the California authority Reed cites is inapplicable.

Under Michigan law, "service of summons and copy of the complaint must be made upon officer, resident agent, director, trustee, or person in charge of an office or business establishment of the corporation, and sending a summons and copy of the complaint by registered mail to principal office of corporation."  *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003) (abrogated on other grounds by *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022) (citing Mich. St. R. 2.105(D)). Rhode Island allows service on a corporate "officer, director, manager, a managing or general agent" or "an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given."  R.I. Super. R. Civ. P. 4(e)(3).  Reed's service on a branch manager complies with neither Michigan nor Rhode Island law.

4

Reed also presents no legal authority to show that a branch manager of Citizens would qualify as a managing agent under Rule 4(h)(1)(B).  See *Knight v. Wells Fargo & Co.*, No. 1:23-CV-162-ECM-JTA, 2023 WL 7272502, at *1 (M.D. Ala. Aug. 28, 2023), *adopted*, No. 1:23-CV-162-ECM, 2024 WL 872981 (M.D. Ala. Feb. 29, 2024) (dismissing complaint because service on " a branch manager at a Wells Fargo, N.A. branch bank, who was not a Wells Fargo & Company officer, managing or general agent, partner, or any other agent authorized by appointment or by law to receive service of process," was improper under Rule 4(h)).

II.     Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to properly serve Citizens within the 90-day time limit under Rule 4(m).

                                                          s/Elizabeth A. Stafford
                                                          ELIZABETH A. STAFFORD
                                                          United States Magistrate Judge

Dated: December 18, 2025

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

    Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

                                  s/Davon Allen
                                  DAVON ALLEN
                                  Case Manager